J-S18006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER CHARLES FAUST | |
| Appellant | No. 3386 EDA 2015 |

Appeal from the PCRA Order November 2, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002079-2008

BEFORE:  PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 18, 2017**

Appellant, Christopher Faust, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas, denying his first post-conviction relief petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. As explained below, we find that Faust is entitled to resentencing on his convictions for third-degree murder and attempted murder convictions. We affirm the order in all other respects.

A prior panel of this Court summarized the relevant factual and procedural history of this case.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[O]n February 24, 2008, Appellant shot seven times at three young men, Anthony Dunn, Joshua LaSalle, and Yahshaw Humphrey while they were walking along Sixth Street in Upper Darby. Mr. Dunn was killed during the crime, but Mr. Humphrey was the intended target. The two victims who survived the shooting identified Appellant as the perpetrator, stated that he was wearing an orange sweatshirt, and they denied being armed. Mr. Humphrey specified that the orange hoodie had an Aeropostale logo on the front.

Another eyewitness, Justine Holley, confirmed that the shooter, whom she identified as Appellant, was wearing an orange hoodie and described him as holding a large chrome gun as he shot at the three victims. After Ms. Holley and Mr. LaSalle identified Appellant as the perpetrator during photographic arrays, and based upon the fact that Mr. Humphrey branded him as the shooter, police obtained an arrest warrant for Appellant and a search warrant for his house. Those documents were secured on April 3, 2008, and executed that day.

When he observed police approaching his residence, Appellant attempted to escape. Inside his home, police recovered the orange Aeropostale sweatshirt, a newspaper article about the homicide posted on a bedroom wall, and .22 caliber ammunition, which had been utilized during the shooting. Derek Wood testified that in March 2008, Appellant asked him to sell a large chrome gun, which Appellant told Mr. Wood he might have used to kill someone.

Following Appellant's arrest, since Appellant was seventeen and one-half years old, police secured the presence of his mother, Doris Faust, at the police station. While Appellant's mother [and adult sister were] in the room, police informed her and Appellant that they were investigating a homicide and read

_(Footnote Continued)_ ———————————————

[1] In addition to summarizing the relevant factual and procedural history, the panel adopted the trial court's recitation of the evidence adduced at trial. ***See Commonwealth v. Faust***, No. 237 EDA 2011, at 1-4 (Pa. Super., filed December 7, 2012) (unpublished memorandum). We also adopt the trial court's recitation of that proof for the purposes of the instant appeal. ***See*** Trial Court Opinion, 6/29/12, at 2-23.

Appellant his **Miranda** rights. Appellant executed a written waiver of those rights, which Mrs. Faust signed as his guardian. Police then left the room so Mrs. Faust could consult with her son alone. They returned for questioning between twenty to thirty minutes later, when Appellant admitted to shooting Mr. Dunn.

While incarcerated, Appellant was in the same prison as Mr. LaSalle, whom Appellant attempted to intimidate. Appellant also wrote letters to Mr. Wood that confirmed that he was attempting to obtain a retraction of Mr. LaSalle's identification of him as the shooter and that expressed Appellant's regret at not having destroyed the evidence seized with the warrant.

Before proceeding to the nonjury trial, Appellant litigated motions to suppress his statements, the evidence seized with the warrant, and the results of the photographic identifications. After the February 17, 2010 denial of his motions, Appellant proceeded to trial on August 24, 2010. On September 9, 2010, Appellant was adjudicated guilty of [third-degree murder, attempted murder, aggravated assault, possession of a firearm by a prohibited person, carrying an unlicensed firearm, possession of an instrument of crime, [] recklessly endangering another person] and acquitted of first degree murder.

**See Faust**, No. 237 EDA 2011, at 1-3.

For the third-degree murder conviction, the trial court sentenced Faust to seventeen to forty years' incarceration, with the first five years of the sentence served as a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712(a). Additionally, for the attempted murder conviction, the trial court sentenced Faust to five to ten years' incarceration, which was also a mandatory minimum sentence pursuant to § 9712(a). Therefore, Faust's aggregate sentence was twenty-two to fifty years' imprisonment followed by a four-year probationary sentence. Faust appealed. This Court affirmed

Faust's convictions; the Supreme Court of Pennsylvania subsequently denied allowance of appeal.

On May 21, 2014, Faust filed, *pro se*, a timely PCRA petition. The PCRA court appointed counsel, who filed a "no merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court later issued a notice of its intent to dismiss Faust's petition without a hearing and granted counsel's petition to withdraw. Faust filed a response, generally objecting to PCRA counsel's "no-merit" letter. Nevertheless, the PCRA court dismissed Appellant's petition without a hearing. Faust timely appealed.

He raises the following issues on appeal:

I. []PCRA[] counsel was constitutionally ineffective in his failure to request, in an amended PCRA petition, a remand to create a record on [Faust's] claims of ineffective assistance as to []trial[] counsel.

II. []PCRA[] counsel was constitutionally ineffective in his failure to raise, in an amended PCRA petition, that [Faust] was entitled to be resentenced on murder in the third degree, attempted murder (merged with aggravated assault), possession of a firearm and of an instrument of crime, in light of the Pennsylvania Supreme Courts [sic] decision in Commonwealth v. [] Hopkins, dated December 17, 2013 at No: CP-15-CR-0001260-2013, decided June 15, 2015, rendering mandatory minimum sentences unconstitutional.

III. []PCRA[] counsel was constitutionally ineffective in his failure to raise in an amended PCRA petition, trial counsel's failure to call witnesses to assert justifiable/imperfect self[-]defense claim and exculpatory witness "Mayra Calhoun," [Faust's] sister, to assert [Faust's] Miranda violation claim. All of which would have

- 4 -

helped assert [Faust's] defense and/or Miranda violation claim, most likely, rendering a different outcome, most favorable to [Faust].

Appellant's Brief, at 2 (unpaginated).

The principles that guide our review of a PCRA petition are well-settled:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. [A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

*Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015) (internal citations and quotation marks omitted; brackets in original).

Prior to reaching the merits of Faust's arguments, we must first determine whether he has preserved his issues for our review. Through his first and third issues on appeal, Faust raises claims of PCRA counsel's ineffectiveness. *See* Appellant's Brief, at 2. "[A]bsent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." *Commonwealth*

*v. Ford*, 44 A.3d 1190, 1201 (Pa. Super. 2012). Thus, a petitioner's failure to raise an ineffectiveness of counsel claim after receiving a notice of intent to dismiss results in waiver of the claim. *See Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009); *see also Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (waiving claim of PCRA counsel's ineffectiveness of by failing to assert claim in response to Rule 907 notice); *Commonwealth v. Ousley*, 21 A.3d, 1238, 1245 (Pa. Super. 2011) (finding that the holding in *Pitts* prohibits this Court's review of petitioners' ineffectiveness of PCRA counsel claim, where issues raised for first time in PCRA appeal).

Although Faust filed a response, objecting to the "no-merit" letter, after receiving the PCRA court's Rule 907 notice, we could find no evidence of record that Faust raised these specific claims of PCRA counsel's ineffectiveness prior to his Rule 1925(b) statement.[2] Thus, he has waived these two claims.

---

[2] In its opinion, the PCRA court notes that it addressed, and dismissed, Faust's claims of PCRA counsel ineffectiveness due to a letter entitled "Notice of Objection" the court received on November 13, 2015. We were unable to locate this letter in the record.

While we recognize that under the prisoner mailbox rule, this letter could constitute Faust's second timely response to the court's Rule 907 notice, without the letter, we are unable to determine whether the letter was in fact timely or if Faust raised issued of PCRA counsel's ineffectiveness. *See Smith v. Pa Bd. of Prob. and Parole*, 683 A.2d 278, 281 (Pa. 1996) (stating that under the prisoner mailbox rule, timeliness of filing from an incarcerated pro
*(Footnote Continued Next Page)*

Faust's final contention on appeal is that PCRA counsel was ineffective for failing to raise in an amended PCRA petition that Faust was entitled to be resentenced on his convictions for murder in the third degree, attempted murder, possession of a firearm, and possession of an instrument of crime due to our Supreme Court's holding in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). *See* Appellant's Brief, at 2 (unpaginated). We recognize that while Faust's allegation appears to challenge PCRA's counsel's ineffectiveness, he is also raising a challenge to the legality of his mandatory minimum sentence. Thus, he did not waive the challenge by failing to include it in a response to the court's Rule 907 notice. *See Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa. Super. 2012) (challenges to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of the sentence).

Faust bases his claim upon *Hopkins*. There, the Court applied the principles announced in *Alleyne v. United States*, 113 S.Ct. 2151 (2013) to determine that 18 Pa.C.S.A. § 6317, setting a mandatory minimum sentence for those dealing illegal drugs near schools zones, was

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

se party is measured form the date the prisoner places the filing in the institution's mailbox). However, because it is ultimately an appellants' responsibility to ensure that the certified record contains *all* the items necessary to review his claims, we will not concern ourselves with the content or timing of this alleged letter. *See*, *e.g.*, *Commonwealth v. Tucker*, 143 A.3d 955, 963 (Pa. Super. 2016); *Commonwealth v. B.D.G*., 959 A.2d 362, 372 (Pa. Super. 2008).

unconstitutional. ***See*** 117 A.3d at 262-263. While Faust's mandatory minimum sentences were not imposed pursuant to § 6317, we recognize that the particular section of the Sentencing Code under which Faust's mandatory minimum sentences were imposed has been found to be unconstitutional pursuant to ***Alleyne***. ***See Commonwealth v. Newman***, 99 A.3d 86, 104 (Pa. Super. 2014) (*en banc*) (holding the mandatory minimum sentencing scheme under § 9712 unconstitutional pursuant to ***Alleyne***). ***See also Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super. 2014).

Generally, an ***Alleyne*** claim does not apply retroactively to cases on collateral review. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). However, in ***Commonwealth v. Ruiz***, 131 A.3d 54 (Pa. Super 2015), this Court recognized that an ***Alleyne*** claim constitutes a non-waivable challenge to the legality of a sentence and may be raised for the first time in a timely-filed PCRA petition *if the petitioner's judgment of sentence was not final* when ***Alleyne*** was decided. ***See*** 131 A.3d at 60-61.

Here, Faust's petition for allowance of appeal with the Pennsylvania Supreme Court was not denied until September 10, 2013. ***Alleyne*** was decided on June 17, 2013. As Faust's judgment of sentence was not final when ***Alleyne*** was decided, the decision may be applied to Faust's case retroactively.

Thus, as the Commonwealth concedes, *see* Commonwealth's Brief, at 7-9, Faust is entitled to resentencing without the application of the mandatory minimum sentence set forth in § 9712(a). *See Ruiz*, 131 A.3d at 60-61. While Faust contends that he is entitled to resentencing on *all* of his convictions, the application of *Ruiz only* mandates resentencing on the convictions in which the mandatory minimum was applied—Faust's third-degree murder and attempted murder convictions.

The PCRA court erred in dismissing Faust's PCRA petition raising an *Alleyne* challenge. Accordingly, we reverse the order in part, affirm in part, vacate the judgment of sentence, and remand for resentencing on Faust's third-degree murder and attempted murder convictions.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judge Solano joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017